# United States District Court
## FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| United States of America, | |
| Plaintiff-Respondent, | No. CR 97-1010 |
| v. | ORDER |
| Alex E. Womack, | |
| Defendant-Petitioner. | |

The matter before the court is the defendant's petition to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (Doc. No. 149) and other, related filings. A jury convicted the defendant of conspiring to distribute, and conspiring to possess with intent to distribute, cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846. Following trial, the defendant filed a pro se motion for a new trial, and shortly afterward, counsel filed a separate motion for a new trial alleging the discovery of new evidence. This court held hearings on the motions, considered the allegedly newly discovered evidence, and denied the motions. The arguments and evidence the defendant put forth post-trial related to an alleged conspiracy by witnesses to fabricate testimony and the alleged use of perjured testimony by the prosecutors. The "new evidence" was testimony from a person who reportedly overheard the witnesses discussing their plan. This court rejected the "new evidence" testimony as unbelievable. At sentencing, this court's quantity determination resulted in a base offense level of thirty-six. A four level enhancement due to the defendant's aggravated role in the offense made the resultant offense level forty and the resultant guidelines range 292-365 months. This court sentenced the defendant to 292 months imprisonment.

The defendant appealed, contesting the admission of co-conspirators' statements, the sufficiency of the evidence, the denial of the motions for new trial, and the assessment of the four level enhancement for the defendant's role in the offense. The Eighth Circuit affirmed in all respects. See United States v. Womack, 191 F.3d 879 (8th Cir. 1999).

The defendant timely filed the present petition for relief. The government filed a resistance and brief in support of the resistance (Doc. Nos. 154 & 155). The defendant filed a reply (Doc. No. 156). The defendant subsequently filed a series of motions for default judgment and for judgment on the pleadings regarding his § 2255 petition, and the government filed a resistance (Doc. Nos. 160-166). Transcripts were prepared regarding the trial, the post-trial hearings, and sentencing.

In the petition, the defendant alleges ineffective assistance by trial counsel and appellate counsel. His claims of ineffective assistance fail because, in order to accept these claims, it would be necessary to disturb (1) issues conclusively resolved in the direct appeal, or (2) factual determinations and credibility assessments made by the jury and/or this court during trial or during the hearings concerning the purported new evidence and the motions for a new trial. Nothing that the defendant presents in his collateral attack provides a basis for this court to disturb the earlier rulings.

For this reason and for the reasons set forth in the government's briefs, the defendant's petition is denied.

It is ordered that:

(1)    The defendant's petition under § 2255 (Doc. No. 149) is denied.

(2)    The defendant's motions for default judgment and/or judgment on the pleadings (Doc. Nos. 160, 161 & 166) are denied.

(3)   A certificate of appealability is denied.

Done and ordered this 26th day of Dec., 2005.

_____
Michael J. Melloy
UNITED STATES CIRCUIT JUDGE,
Sitting by Designation